COPY

FILED

1  NICOLA T. HANNA
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   LAWRENCE E. KOLE (Cal. Bar No. 141582)
4  Assistant United States Attorney
       411 West Fourth Street, Suite 8000
5      Santa Ana, California 92701
       Telephone: (714) 338-3594
6      Facsimile: (714) 338-3564
       E-mail:   larry.kole@usdoj.gov
7
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

2018 DEC 19  PM 2: 19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12  UNITED STATES OF AMERICA,          Case No. SA CR 18- 00261 JVS

13              Plaintiff,             PLEA AGREEMENT FOR DEFENDANT MIHAE
                                       PARK
14              v.

15  MIHAE PARK,

16              Defendant.

17

18       1.   This constitutes the plea agreement between Defendant Mihae

19  Park and the United States Attorney's Office for the Central District

20  of California (the "USAO") in the above-captioned case.  This

21  agreement is limited to the USAO and cannot bind any other federal,

22  state, local, or foreign prosecuting, enforcement, administrative, or

23  regulatory authorities.

24                    **DEFENDANT'S OBLIGATIONS**

25       2.   Defendant agrees to:

26            a.   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by the

28  Court, appear and plead guilty to a two-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with visa fraud, a violation of Title 18, United States Code, Section 1546(a), and with filing a false tax return, a violation of Title 26, United States Code, Section 7206(1).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

       h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

       i.   To comply with applicable State Bar reporting requirements set forth in California Business and Professions Code § 6068(o).

 1       3.   Defendant further agrees:

 2            a.   Truthfully to disclose to law enforcement officials,

 3  at a date and time to be set by the USAO, the location of,

 4  defendant's ownership interest in, and all other information known to

 5  defendant about, all monies, properties, and/or assets of any kind,

 6  derived from or acquired as a result of, or used to facilitate the

 7  commission of, defendant's illegal activities, and to forfeit all

 8  right, title, and interest in and to such items, specifically

 9  including all right, title, and interest in and to the following

10  assets, which defendant admits constitute the proceeds of defendant's

11  illegal activity in violation of 18 U.S.C. § 1546(a) and 26 U.S.C.

12  § 7206(1):  $50,800.00 from All Star Capital Account No. XXX8-ACG;

13  $234,824.81 from Fidelity Account No. XXX-XX3804; $6,857.70 from JP

14  Morgan Chase Account No. XXXXX6267; and a 2015 Volkswagen GTI, VIN

15  3VW4T7AU7FM043224, seized by law enforcement officials on August 31,

16  2017; and $128,600.00, which was provided to the government by

17  defendant as cash in lieu of a 2012 California Ferrari, VIN

18  ZFF65LJA8C0184890, License No. 6YZF143.

19            b.   To the Court's entry of an order of forfeiture at or

20  before sentencing with respect to these assets and to the forfeiture

21  of the assets.

22            c.   To take whatever steps are necessary to pass to the

23  United States clear title to the assets described above, including,

24  without limitation, the execution of a consent decree of forfeiture

25  and the completing of any other legal documents required for the

26  transfer of title to the United States.

27            d.   Not to contest any administrative forfeiture

28  proceedings or civil judicial proceedings commenced against these

                                  3

properties pursuant to 18 U.S.C. § 981(b) and 18 U.S.C. § 981(a)(1)(A) and (C). With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that forfeiture of the assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

   e. Not to assist any other individual in any effort falsely to contest the forfeiture of the assets described above.

   f. Not to claim that reasonable cause to seize the assets was lacking.

   g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

   h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

   i. That forfeiture of assets described above shall not be counted toward satisfaction of any special assessment, fine, or costs the Court may impose.

  4. Defendant admits that defendant received $763,418.90 of unreported income for tax years 2009 through 2014, as described in paragraph 13 below. Defendant agrees that:

1          a.    Defendant will, if requested to do so by the Internal

2    Revenue Service ("IRS"), provide the IRS with information regarding

3    the years covered by the returns; will promptly pay all additional

4    taxes and all penalties and interest assessed by the IRS on the basis

5    of the returns; and will promptly pay all additional taxes and all

6    penalties and interest thereafter determined by the IRS to be owing

7    as a result of any computational error(s).

8          b.    Nothing in this agreement forecloses or limits the

9    ability of the IRS to examine and make adjustments to defendant's

10   returns after they are filed.

11         c.    Defendant will not, after filing the returns, file any

12   claim for refund of taxes, penalties, or interest for amounts

13   attributable to the returns filed in connection with this plea

14   agreement.

15         d.    Defendant is liable for the fraud penalty imposed by

16   the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements

17   of tax liability for tax years 2009 through 2014.

18         e.    Defendant gives up any and all objections that could

19   be asserted to the Examination Division of the IRS receiving

20   materials or information obtained during the criminal investigation

21   of this matter, including materials and information obtained through

22   grand jury subpoenas.

23         f.    Defendant will sign closing agreements with the IRS

24   contemporaneously with the signing of this plea agreement, permitting

25   the IRS to assess and collect the total sums of $15,975.00,

26   $23,326.00, $81,523.00, $102,001.00, $21,828.00, and $22,335.00 for

27   defendant's tax years 2009, 2010, 2011, 2012, 2013, and 2014,

28   respectively, which comprises the tax liabilities, as well as assess

1 and collect the civil fraud penalty for each year and statutory

2 interest, on the tax liabilities, as provided by law.

**THE USAO'S OBLIGATIONS**

4     5.    The USAO agrees to:

5         a.    Not contest facts agreed to in this agreement.

6         b.    Abide by all agreements regarding sentencing contained

7 in this agreement.

8         c.    At the time of sentencing, provided that defendant

9 demonstrates an acceptance of responsibility for the offenses up to

10 and including the time of sentencing, recommend a two-level reduction

11 in the applicable Sentencing Guidelines offense level, pursuant to

12 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

13 additional one-level reduction if available under that section.

14         d.    Recommend that defendant be sentenced to a term of

15 imprisonment no higher than the low end of the applicable Sentencing

16 Guidelines range, provided that the offense level used by the Court

17 to determine that range is 21 or higher and that the Court does not

18 depart downward in offense level or criminal history category.    For

19 purposes of this agreement, the low end of the Sentencing Guidelines

20 range is that defined by the Sentencing Table in U.S.S.G. Chapter 5,

21 Part A, without regard to reductions in the term of imprisonment that

22 may be permissible through the substitution of community confinement

23 or home detention as a result of the offense level falling within

24 Zone B or Zone C of the Sentencing Table.

**NATURE OF THE OFFENSE**

26     6.    Defendant understands that for defendant to be guilty of

27 the crime charged in count one, that is, visa fraud in violation of

28 18 U.S.C. § 1546(a), the following must be true:    (1) defendant

6

knowingly caused to be obtained or received an immigrant or non-immigrant visa, alien registration receipt card, or other document prescribed by statute or regulation as evidence of authorized stay or employment in the United States; and (2) defendant knew the document to have been procured by means of any false claim or statement, or by fraud.

Defendant understands that for defendant to be guilty of the crime charged in count two, that is, filing a false tax return in violation of 26 U.S.C. § 7206(1), the following must be true:  (1) defendant signed and filed a tax return, or subscribed to the return and authorized its electronic filing, for the year 2012 that she knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (3) in filing the false tax return or subscribing to it and authorizing it to be electronically filed, defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the IRS.  Defendant acted willfully if defendant knew that federal tax law imposed a duty on her and defendant intentionally and voluntarily violated that duty.

## **PENALTIES AND RESTITUTION**

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1546(a) is:  ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1) is:  three years' imprisonment; a one-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $100.

8.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 13 years' imprisonment; a three-year period of supervised release; a fine of $350,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.    Defendant agrees to make full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty any losses suffered by that victim as a result.  The parties currently believe that the applicable amount of restitution is approximately $266,988.00 to the government in regard to count two and relevant conduct related to the conduct in count two and are not aware of any amount related to count one, but they recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant understands

8

and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct such as the failure to pay taxes owed for tax years 2009 to 2011 and 2013 to 2014; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

10.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

1  unanticipated collateral consequences will not serve as grounds to

2  withdraw defendant's guilty plea.

3      12.  Defendant understands that, if defendant is not a United

4  States citizen, the felony conviction in this case may subject

5  defendant to: removal, also known as deportation, which may, under

6  some circumstances, be mandatory; denial of citizenship; and denial

7  of admission to the United States in the future.  The court cannot,

8  and defendant's attorney also may not be able to, advise defendant

9  fully regarding the immigration consequences of the felony conviction

10 in this case.  Defendant understands that unexpected immigration

11 consequences will not serve as grounds to withdraw defendant's guilty

12 plea.

13                          **FACTUAL BASIS**

14     13.  Defendant admits that defendant is, in fact, guilty of the

15 offenses to which defendant is agreeing to plead guilty.  Defendant

16 and the USAO agree to the statement of facts provided below and agree

17 that this statement of facts is sufficient to support pleas of guilty

18 to the charges described in this agreement and to establish the

19 Sentencing Guidelines factors set forth in paragraph 14 below but is

20 not meant to be a complete recitation of all facts relevant to the

21 underlying criminal conduct or all facts known to either party that

22 relate to that conduct.

23     From at least 2000 to 2017, defendant was an attorney licensed

24 to practice in California who handled immigration matters.  During

25 that time, defendant submitted numerous petitions to U.S. Citizenship

26 and Immigration Services ("CIS") for employment-based visas for the

27 benefit of clients who were aliens (i.e., foreign-born individuals

28 who were not U.S. citizens).  Such visas provided these clients with

                                   10

1  authorization by the U.S. government to enter, reside, and be

2  employed in the United States.  These employment-based visas were

3  sought by or on behalf of the prospective employers of such aliens,

4  who were known as the petitioners for the visas.  Defendant's

5  clients, who were purportedly to be employed by these petitioners,

6  were known as the beneficiaries of the visa petitions.

7      A business in the United States that seeks to employ an alien

8  may file either (1) a non-immigrant petition seeking a temporary

9  employment visa for the alien using Form I-129 or (2) an immigrant

10  petition seeking permanent resident status for the alien using Form

11  I-140.  Supporting documentation must be provided with either type of

12  petition regarding the petitioner's finances, the prospective

13  employment, and the beneficiary's history and educational and

14  professional qualifications.  This documentation must also include a

15  labor certification from the U.S. Department of Labor, Employment and

16  Training Administration, that there were not sufficient U.S. workers

17  able, willing, qualified, and available to accept the job opportunity

18  in the area of intended employment and that employment of the foreign

19  worker would not adversely affect the wages and working conditions of

20  similarly employed U.S. workers.  When an attorney represented a

21  petitioner in a matter before CIS, the attorney was required to

22  submit CIS Form G-28 to provide notice to CIS that s/he was handling

23  the matter.

24      Defendant submitted at least 25 I-129 and I-140 visa petitions

25  to CIS between 2000 and 2017 that contained false information that

26  defendant knew was false.  This false information included

27  defendant's use of the alias Michelle Park or Michelle Lee for

28  herself, which was listed as the petitioner's purported "employer

11

contact;" using defendant's own name as the registrar at a school
attended by a beneficiary; claiming that an individual who was the
petitioner in one petition was an employee of a different entity in
another petition; listing a particular individual as an employee of
multiple petitioners; stating that a deceased or retired individual
was an employee of a petitioner; inclusion of identical photographs,
diagrams, and addresses in petitions for different businesses; false
descriptions of the businesses; submission of descriptions of the
businesses of and lists of employees of different petitioning
companies which information or lists were repeated with nearly
identical language or the same employees in petitions for other
businesses; false and contradictory statements regarding the numbers
of employees, the positions occupied by employees, and salary and
wages that were said to have been paid to beneficiaries and other
employees; use of non-existent and false Social Security numbers for
employees of petitioners; inconsistent information regarding a
petitioner in different petitions submitted on its behalf; copies of
a particular document submitted by a petitioner in different
petitions that did not match; information regarding citizenship and
legal resident status that was inconsistent with immigration records;
inconsistent statements of the name, gender, date of birth, Social
Security number, residence, education, foreign employment, and time
of employment of particular beneficiaries; submission of documents
purporting to be the petitioners' tax returns that did not match the
actual tax returns filed by the petitioners; statements that a
beneficiary would work at a location in a different region of the
country than the beneficiary's residence; and inconsistent statements
regarding the identity of petitioners' landlords and the amounts of

1   rent paid by petitioners.

2        Defendant submitted two such fraudulent petitions on behalf of

3   Best Educational Institute, Inc. ("BEI"), located at 9240 Garden

4   Grove Blvd., Ste. 17, Garden Grove, California.  Defendant submitted

5   I-140 immigrant visa petitions on BEI's behalf for purported employee

6   beneficiaries S.Y.K. and Y.S.K.  The I-140 petition for S.Y.K. was

7   sent to CIS by mail on August 23, 2013 with a return address of the

8   Law Offices of Mihae Park.  The I-140 petition for Y.S.K. was

9   received by CIS on April 30, 2013.  CIS approved the visa petition

10  for S.Y.K. on September 4, 2013 and the visa petition for Y.S.K. on

11  May 22, 2013.  Based on the approved visa petition for S.Y.K., CIS

12  issued a Form I-551, Permanent Resident Card ("green card"), to

13  S.Y.K. on December 20, 2013.  These petitions claimed that S.Y.K. was

14  to be employed as a Chinese language teacher and that Y.S.K. was to

15  be employed as a music teacher.  However, these assertions were false

16  because (1) neither of these beneficiaries had been hired by BEI, (2)

17  BEI's operator did not know these beneficiaries, (3) BEI did not

18  employ Chinese language or music teachers, and (4) BEI did not offer

19  classes in Chinese or music.

20       For tax years 2009 through 2014, defendant subscribed to and

21  authorized the electronic filing of IRS Form 1040, Schedule C, Profit

22  or Loss from Business, for the Law Offices of Mihae Park as part of

23  her individual income tax returns.  These returns contained written

24  declarations by defendant that they were being signed subject to the

25  penalties of perjury.  These returns described defendant's principal

26  business as "attorney" and listed defendant as the proprietor of the

27  business.  Defendant only reported gross receipts totaling $2,516,290

28  in her filed tax returns for these six years.  However, during that

period, defendant's actual gross receipts were $3,279,708.90.  As a
result, defendant underreported her receipts by $763,418.90 in total
over this period.  In particular, in her tax return for the year
2012, which defendant subscribed to and authorized the electronic
filing with IRS on or about March 26, 2013, defendant reported gross
receipts of $418,840.00 while she actually had gross receipts of
$716,812.73, resulting in an underreporting of $297,972.73 for that
year.

As a result of her underreporting of receipts, defendant had a
deficiency in income taxes paid during the period 2009 to 2014
totaling $266,988.00.  In particular, in defendant's tax return for
the year 2012, she had a deficiency of income tax paid of
$102,001.00.  Defendant transmitted to her tax preparer from her
residence in Laguna Beach, California an authorization for electronic
filing of this return.  Defendant knew when she subscribed to and
authorized the electronic filing of these tax returns that they
contained false information that would influence IRS's decisions and
activities, that federal tax law imposed a duty on her, and defendant
intentionally and voluntarily violated that duty.

Defendant deposited into a business bank account at Bank of
America funds that she received for creation and filing of fraudulent
visa petitions.  Defendant then withdrew some of those funds and used
those funds (1) as the opening deposit for defendant's Account No.
XXXXX6267 at JP Morgan Chase Bank; (2) for a deposit in the amount of
$250,000.00 into defendant's Account No. XXX-XX3804 at Fidelity
Investments; (3) for a deposit of $50,000.00 into defendant's Account
No. XXX8-ACG at All Star Capital; (4) to purchase a 2012 California
Ferrari, VIN ZFF65LJA8C0184890, License No. 6YZF143; and (5) to

1   purchase a 2015 Volkswagen GTI, VIN 3VW4T7AU7FM043224.  On August 31,

2   2017, the government seized $6,857.70 from JP Morgan Chase Account

3   No. XXXXX6267, $234,824.81 from Fidelity Account No. XXX-XX3804, and

4   $50,800.00 from All Star Capital Account No. XXX8-ACG, which amounts

5   were exclusive of funds traceable to a source other than payments to

6   defendant for the fraudulent visa petitions.  The government also

7   then seized the 2015 Volkswagen GTI, VIN 3VW4T7AU7FM043224, and the

8   2012 California Ferrari, VIN ZFF65LJA8C0184890, License No. 6YZF143.

9   All of the money defendant withdrew from her business bank account to

10  purchase the Volkswagen was received for creation and filing of

11  fraudulent visa petitions and at least $190,627.27 of the money used

12  to purchase the Ferrari was exclusive of funds traceable to a source

13  other than payments to defendant for the fraudulent visa petitions.

14                        **SENTENCING FACTORS**

15       14.  Defendant understands that in determining defendant's

16  sentence the Court is required to calculate the applicable Sentencing

17  Guidelines range and to consider that range, possible departures

18  under the Sentencing Guidelines, and the other sentencing factors set

19  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

20  Sentencing Guidelines are advisory only, that defendant cannot have

21  any expectation of receiving a sentence within the calculated

22  Sentencing Guidelines range, and that after considering the

23  Sentencing Guidelines and the other § 3553(a) factors, the Court will

24  be free to exercise its discretion to impose any sentence it finds

25  appropriate up to the maximum set by statute for the crimes of

26  conviction.

27       Defendant and the USAO agree to the following applicable

28  Sentencing Guidelines factors:

                                15

Base Offense Level  :   11   [U.S.S.G. § 2L2.1(a)]

The parties agree that the specific offense characteristic based on the number of documents involved, U.S.S.G. § 2L2.1(b)(2), is applicable, and defendant agrees that there were at least 25 documents involved so that an enhancement of at least six offense levels will be applied under U.S.S.G. § 2L2.1(b)(2)(B).  The government contends that at least 100 documents were involved and will argue that a nine-level enhancement applies under U.S.S.G. § 2L2.1(b)(2)(C).  Whether the enhancement should be six or nine levels is an issue that remains to be resolved at sentencing.

Adjustments        :

Abuse of Trust     :   + 2   [U.S.S.G. § 3B1.3]

Grouping of

Multiple Counts    :   + 2   [U.S.S.G. § 3D1.4(a)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

**WAIVER OF CONSTITUTIONAL RIGHTS**

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

1    c.    The right to be represented by counsel – and if

2  necessary have the court appoint counsel – at trial.  Defendant

3  understands, however, that, defendant retains the right to be

4  represented by counsel – and if necessary have the court appoint

5  counsel – at every other stage of the proceeding.

6    d.    The right to be presumed innocent and to have the

7  burden of proof placed on the government to prove defendant guilty

8  beyond a reasonable doubt.

9    e.    The right to confront and cross-examine witnesses

10  against defendant.

11    f.    The right to testify and to present evidence in

12  opposition to the charges, including the right to compel the

13  attendance of witnesses to testify.

14    g.    The right not to be compelled to testify, and, if

15  defendant chose not to testify or present evidence, to have that

16  choice not be used against defendant.

17    h.    Any and all rights to pursue any affirmative defenses,

18  Fourth Amendment or Fifth Amendment claims, and other pretrial

19  motions that have been filed or could be filed.

20          **WAIVER OF APPEAL OF CONVICTION**

21    18.  Defendant understands that, with the exception of an appeal

22  based on a claim that defendant's guilty pleas were involuntary, by

23  pleading guilty defendant is waiving and giving up any right to

24  appeal defendant's convictions on the offenses to which defendant is

25  pleading guilty.  Defendant understands that this waiver includes,

26  but is not limited to, arguments that the statutes to which defendant

27  is pleading guilty are unconstitutional, and any and all claims that

28  the statement of facts provided herein is insufficient to support

1 defendant's pleas of guilty.

2 **LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE**

3 19. Defendant agrees that, provided the Court imposes a term of
4 imprisonment within or below the range corresponding to an offense
5 level of 21 and the criminal history category calculated by the
6 Court, defendant gives up the right to appeal all of the following:
7 (a) the procedures and calculations used to determine and impose any
8 portion of the sentence; (b) the term of imprisonment imposed by the
9 Court; (c) the fine imposed by the court, provided it is within the
10 statutory maximum; (d) to the extent permitted by law, the
11 constitutionality or legality of defendant's sentence, provided it is
12 within the statutory maximum; (e) the amount and terms of any
13 restitution order, provided it requires payment of no more than
14 $266,988.00; (f) the term of probation or supervised release imposed
15 by the Court, provided it is within the statutory maximum; and
16 (g) any of the following conditions of probation or supervised
17 release imposed by the Court: the conditions set forth in General
18 Orders 318, and 18-10 of this Court; the drug testing conditions
19 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
20 drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21 20. The USAO agrees that, provided all portions of the sentence
22 are at or below the statutory maximum specified above and (b) the
23 Court imposes a term of imprisonment within or above the range
24 corresponding to an offense level of 18 and the criminal history
25 category calculated by the Court, the USAO gives up its right to
26 appeal any portion of the sentence, with the exception that the USAO
27 reserves the right to appeal the following: (a) the amount of
28 restitution ordered if that amount is less than $266,988.00.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a. If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

b. The USAO will be relieved of all its obligations under this agreement.

**COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES**

24.  Defendant understands that the Court and the United States Probation and Pretrial Services Offices are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Offices and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Offices and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

NICOLA T. HANNA
United States Attorney


_____          12/11/18
LAWRENCE E. KOLE                            _____
Assistant United States Attorney               Date


X_____           12/11/18
MIHAE PARK                                  _____
Defendant                                      Date


_____          12/11/18
H. DEAN STEWARD                             _____
                                               Date
Counsel for Defendant
Mihae Park

21

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____       __12|11|18_____
MIHAE PARK                          Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Mihae Park's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set

22

1  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  a guilty plea pursuant to this agreement.

E. DEAN STEWARD                                    12\11\18
                                                   Date
Counsel for Defendant
Mihae Park

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,        No. SA CR 18-_____

12              Plaintiff,            I N F O R M A T I O N

13              v.                    [18 U.S.C. § 1546(a): Fraud and
                                      Misuse of Visas, Permits, and
14   MIHAE PARK,                      Other Documents; 26 U.S.C.
                                      § 7206(1): Making and
15                                    Subscribing to a False Tax
                Defendant.            Return]
16

17

18        The United States Attorney charges:

19                         COUNT ONE

20                    [18 U.S.C. § 1546(a)]

21        From on or about August 23, 2013 through on or about

22   December 20, 2013, in Orange County, within the Central District

23   of California, defendant MIHAE PARK ("PARK") knowingly caused to

24   be possessed, obtained, accepted, and received a Form I-551,

25   Permanent Resident Card, in the name of S.Y.K., which defendant

26   PARK knew to be falsely made, procured by means of a false claim

27   and statement, otherwise procured by fraud, and otherwise

28   unlawfully obtained, in that defendant PARK submitted an I-140

                                     EXHIBIT
                                     ___A___

immigrant visa petition in the name of Best Educational

Institute, Inc. ("BEI") for the benefit of S.Y.K. knowing that

the application contained fraudulent statements, including that

BEI intended to employ S.Y.K. as a Chinese language teacher,

when, in truth and in fact, as defendant PARK well knew, (1) BEI

had not hired and did not intend to employ S.Y.K., (2) BEI was

not even acquainted with S.Y.K., and (3) BEI did not employ

Chinese language teachers.

COUNT TWO

[26 U.S.C. § 7206(1)]

On or about April 1, 2013, in Orange County, within the Central District of California, defendant MIHAE PARK ("PARK"), a resident of Laguna Beach, California, willfully made, subscribed to, and authorized the electronic filing of a materially false United States Individual Income Tax Return, Form 1040, Schedule C, for the calendar year 2012, which was electronically filed with the Internal Revenue Service, verified by written declaration that it was made under the penalty of perjury, and which defendant PARK did not believe to be true and correct as to every material matter, in that defendant PARK falsely reported, on line 1 of Schedule C of such Form 1040, that the gross receipts for defendant PARK's law office for calendar year 2012 were $418,840.00 when, in truth and in fact, as defendant PARK then well knew and believed, her gross receipts for the calendar year 2012 were substantially higher.

NICOLA T. HANNA
United States Attorney


LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

LAWRENCE E. KOLE
Assistant United States Attorney